IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KYLE ANDREW COKER, § | |
| § | |
| Petitioner, § | |
| § | Civil Action No. H-25-0101 |
| v. § | Criminal Action No. H-22-151-1 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

ORDER

Pending before the Court is Petitioner Kyle Andrew Coker's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 66) and the United States' Memorandum in Opposition to Gonzlez's 28 U.S.C. § 2255 Motion and Motion to Dismiss Coker's 28 U.S.C. § 2255 Motion (Criminal Document No. 70). Having considered the motions, submissions, and applicable law, the Court determines that Coker's motion should be denied, and the Government's motion should be granted.

I. BACKGROUND

On January 12, 2023, Petitioner Kyle Andrew Coker ("Coker") plead guilty to one felony count of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On June 2, 2023, This Court sentenced Coker

to a term of 120 months incarceration, three years of supervised release, and a $100.00 special assessment.

On January 6, 2025, Coker filed the pending § 2255 motion contending that his pretrial and sentencing legal counsel, Mr. Gerardo S. Montalvo and Mr. John MacVane, failed to conduct necessary pretrial investigations or effectively negotiate a favorable plea, rendering ineffective assistance of counsel.[1] On January 10, 2025, the Court ordered the Government to file a response addressing the merits of Coker's motion.[2] On February 25, 2025, the Government filed its response to Coker's § 2255 motion, requesting this Court dismiss the motion as untimely with no further proceedings.[3]

## II. STANDARD OF REVIEW

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995) (quoting *United States v. Vaughn*,

---

[1] *See Petitioner Kyle Andrew Coker's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, Civil Document No. 1, Criminal Document No. 66.

[2] *Court Order Requiring Government's Response*, Criminal Document No. 67 at 1.

[3] *United States' Response to Kyle Coker's 28 U.S.C. § 2255 Motion*, Criminal Document No. 70 at 1–27.

955 F.2d 367, 368 (5th Cir. 1992)). Even if a defendant alleges a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. *United States v. Frady*, 456 U.S. 152, 167 (1982); *see also United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995). A petitioner must show "cause" to explain the reason why the objection was not made at trial or on direct appeal and show "actual prejudice" was suffered from the alleged errors. *Frady*, 456 U.S. at 167. To prove "cause," a petitioner must show an external obstacle prevented him from raising his claims either at trial or on direct appeal. *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To prove "actual prejudice," the petitioner must show he has suffered an actual and substantial disadvantage. *Frady*, 456 U.S. at 170.

To succeed under the "cause" and "actual prejudice" standard, a petitioner must meet a "significantly higher hurdle" than the plain error standard required on direct appeal. *Id*. at 166. This higher standard is appropriate because once the petitioner's chance to direct appeal has been exhausted, courts are allowed to presume the petitioner was fairly convicted. *Id*. at 164; *see also United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (presuming defendant to be fairly and finally convicted after direct appeal). Ineffective assistance of counsel, if shown and applicable, will satisfy the requisite cause and prejudice. *Acklen*, 47 F.3d at 742. Additionally, a claim for ineffective assistance of counsel is properly brought for the

3

first time in a § 2255 motion, *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc).

### III. LAW & ANALYSIS

Coker moves, *pro se*, to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on two grounds, contending that his pretrial and sentencing counsel rendered ineffective assistance of counsel. Specifically, Coker contends that his pretrial counsel, Mr. Gerardo S. Montalvo, failed to: (1) communicate the consequences of pleading guilty; (2) conduct an adequate and independent pretrial investigation; or (3) negotiate a favorable plea agreement ("Claim One"). Coker further contends that his sentencing counsel, Mr. John MacVane, failed to: (1) correctly explain the Presentencing Recommendation ("PSR"); (2) file substantive objections to the PSR; (3) argue for mitigation of punishment; or (4) object to Coker's sentence. In response, the Government contends Coker's pending motion is untimely and fails to show ineffective assistance of counsel on any ground.

The Court analyzes an allegation of ineffective assistance of counsel in a § 2255 motion under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). The movant must show his counsel's performance was both deficient and prejudicial to prevail on an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700; *Willis*, 273 F.3d at 598. To show deficiency, the movant must show his counsel's

4

assistance was outside a broad range of what is considered reasonable. *Strickland,* 466 U.S. at 669. To establish prejudice, the petitioner "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694). Thus, when a petitioner challenges his conviction, this issue is whether "a reasonable probability exists that the jury would have had a reasonable doubt as to guilt." *Hernandez v. Johnson*, 213 F.3d 243, 249 (5th Cir. 2000). "This is a heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a different result. *United States v. Wines*, 691 F.3d 599, 604 (5th Cir. 2012). "Counsel's errors must be 'so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 687). The movant must prove both prongs of the analysis: counsel tendered deficient performance, and the movant suffered prejudice. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997).

As a preliminary matter, the Government contends that Coker's motion is subject to dismissal for being untimely. In response, Coker contends his motion is timely because "the one-year statute of limitations under § 2255(f)(1) does not begin to run until the expiration of the ninety-day window for filing a petition for certiorari with the Supreme Court.

5

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations in which a federal prisoner may file a § 2255 motion. *See* 28 U.S.C. § 2255(f). Ordinarily, when a defendant unsuccessfully appeals his conviction and sentence, his conviction becomes final 90 days later—when the time to file a petition for writ of certiorari in the United States Supreme Court expires. *See United States v. Plascencia*, 537 F.3d 385, 389 (5th Cir. 2008). By default, the limitations period runs from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The "movant in a § 2255 proceeding has the burden of demonstrating that his filings are timely." *United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019). The Supreme Court has made clear that "[f]inality has a long-recognized, clear meaning in the postconviction relief context: Finality attaches in that setting when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522 (2003).

Here, the central inquiry before the Court is whether Coker's petition is timely. To determine timeliness, the Court must determine on what date the one-year statute of limitations began to run. A review of the record in this case reveals that Coker was sentenced by the Court on June 2, 2023. On June 5, 2023, despite waiving his right to appeal in his plea agreement, Coker appealed the Court's final judgment to the Fifth Circuit. On October 19, 2023, the Fifth Circuit dismissed Coker's appeal

pursuant Federal Rule of Appellate Procedure 42(B), based on Coker's motion for voluntary dismissal of his appeal. On January 6, 2025, Coker filed the pending § 2255 motion, almost fifteen months after his appeal was dismissed by the Fifth Circuit.

Based on the foregoing, the Government contends that the one-year statute of limitations began to run on the date the Fifth Circuit dismissed Coker's appeal, meaning Coker's § 2255 motion was due no later than October 19, 2024. In response, Coker contends that his § 2255 motion should not have been due until January 17, 2025, because the one-year statute of limitations did not begin to run until the expiration of the ninety-day window to file a petition for writ of certiorari. Based on the Fifth Circuit's clear guidance that "when a federal criminal direct appeal is voluntarily dismissed, further review is no longer possible, and thus, the federal conviction immediately becomes final under AEDPA for purposes of any future petition under 28 U.S.C. § 2255,"[4] the Court finds that Coker's statute of limitations to bring a § 2255 motion began to run on October 13, 2023, the date that the Fifth Circuit dismissed Coker's appeal pursuant to Coker's motion for voluntary dismissal. Accordingly, the Court finds that Coker's § 2255 motion must have been

---

[4] *United States v. Solis-Gonzalez*, 254 F.3d 1080, 1080 n.1 (5th Cir. 2001) ("Even if we were to consider the timeliness of appellant's petition, he would have difficulty persuading us that, although he voluntarily dismissed his appeal, the one-year period should be extended by the time limit for filing a petition for certiorari.").

filed by October 19, 2024, to be deemed timely. Based on the foregoing, the Court finds that Coker's § 2255 motion is untimely and should be dismissed accordingly.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Petitioner Kyle Andrew Coker's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 66) is **DENIED**. The Court further

**ORDERS** that the Government's Motion to Dismiss Coker's 28 U.S.C. § 2255 Motion (Criminal Document No. 70) is **GRANTED**.

**THIS IS A FINAL JUDGMENT**.[5]

SIGNED at Houston, Texas, on this 22nd day of December, 2025.

DAVID HITTNER
United States District Judge

---

[5] A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes reasonable jurists would not find its assessment of the claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petitioner should have been resolved in a different manner . . . ."). Because Coker does not allege facts showing his claim could be resolved in a different manner, a certificate of appealability will not be issued.